UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

R. J. McCRAY                                    CIVIL ACTION NO. 05-1410

versus                                          JUDGE HICKS

COMMISSIONER OF THE SOCIAL                      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

R. J. McCray ("Plaintiff") filed this pro se civil action seeking review of a decision in connection with an application for social security benefits. Before the court is a Motion for Summary Judgment (Doc. 12) filed by the Commissioner on the grounds that the court lacks subject matter jurisdiction because Plaintiff did not obtain a final decision from the Commissioner. It is recommended that the motion be granted.

Exhibits to the Commissioner's motion show that Plaintiff filed his application with the state agency, which found Plaintiff disabled with an onset date in October of 2000. Plaintiff filed a request for reconsideration because he claimed an earlier onset date in March of 1996. Without awaiting a decision on the request for reconsideration, Plaintiff also requested a hearing before an ALJ. The ALJ dismissed the request for a hearing on the grounds that the claimant does not have a right to a hearing unless the agency has made a reconsidered determination, which had not yet happened. Plaintiff pursued the matter to the Appeals Council, which after some delays caused by a loss of the record, denied Plaintiff's request for review. Plaintiff then filed this civil action. His complaint, on a form provided

by the clerk of court for pro se litigants, does not specify any particular errors. Plaintiff states only that he seeks judicial review pursuant to 42 U.S.C. § 405(g).

Section 405(g) provides: "Any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." The statute limits judicial review to a particular type of agency action, a final decision of the Commissioner *made after a hearing*. A decision by an ALJ not to reopen a prior determination, to dismiss a hearing for failure of the claimant to appear, or otherwise is rendered other than after a hearing to which the claimant was a party does not permit a basis for federal subject matter jurisdiction. <u>Brandyburg v. Sullivan</u>, 959 F.2d 555 (5th Cir. 1992). Plaintiff has not filed any timely opposition to the motion for summary judgment or otherwise submitted anything in the record that would suggest a basis for subject matter jurisdiction in these circumstances. Plaintiff must return to the agency and timely comply with the procedural requirements before he may commence a civil action to seek review.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's Motion for Summary Judgment (Doc. 12) be **granted** and that this civil action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 17th day of November, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE